UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 09-61166-CIV-SEITZ/GOODMAN

POINT BLANK SOLUTIONS, INC.,
a Delaware corporation, and POINT
BLANK BODY ARMOR, INC., a
Delaware corporation,

                    Plaintiffs,

vs.

TOYOBO AMERICA, INC., a New
York corporation and TOYOBO CO.,
LTD., a Japanese corporation,

                    Defendants.
_____/

**DEFENDANTS' TOYOBO CO., LTD. AND TOYOBO AMERICA, INC.'S RESPONSE
TO PLAINTIFFS' MOTION FOR SANCTIONS FOR DEFENDANTS'
IMPROPER RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSIONS**

Toyobo Co., Ltd. and Toyobo America, Inc. (collectively, "Toyobo") file this response to Point Blank Solutions, Inc. and Point Blank Body Armor, Inc.'s (collectively, "Point Blank") Motion for Sanctions for Defendants' Improper Responses to Plaintiffs' Requests for Admissions ("Motion").

## PRELIMINARY STATEMENT

Despite the clear instructions in the Court's December 13, 2010 discovery order to do so, Point Blank cites no legal authority to show that its Motion is timely or proper. The Court should deny Point Blank's Motion on that basis alone. Moreover, the case law is clear that Point Blank's Motion is premature. Point Blank admits as much by suggesting that the Court can defer ruling until findings of fact are made.[1] It is also well established in the Eleventh Circuit that a party cannot use Rule 36 requests for admissions as a discovery device or to harass an adversary – yet, given the case law and the Court's instructions, that is precisely what Point Blank attempts to do by filing its Motion. For all of these reasons, Point Blank's Motion should be denied.

## STATEMENT OF FACTS

On August 19, 2010, Point Blank served its First Requests for Admissions on Toyobo (attached as Ex. A). On September 21, 2010, Toyobo served its Responses and Objections to Point Blank's First Requests for Admissions (attached as Ex. B). On October 8, 2010, Point Blank filed a Notice of Hearing regarding, *inter alia*, Toyobo's Responses to the First Requests for Admissions. After a hearing on October 19, 2010, Judge O'Sullivan, with respect to the requests for admissions that Toyobo denied, ordered Toyobo "to either continue to deny the Requests or to supplement or amend their responses" by November 1, 2010. October 22, 2010

---

[1] Toyobo also believes that Point Blank's Motion is without merit. As the case law below explains, however, trial is the appropriate time for Toyobo to demonstrate the lack of merits to Point Blank's arguments – not this Opposition.

Discovery Order ¶ 3 (D.E. 101).  On November 1, 2010, pursuant to the October 22, 2010 Order, Toyobo served its Amended Responses and Objections to Point Blank's First Requests for Admissions.  Subsequently, counsel for Point Blank agreed to limit the relevant time period for request numbers 5 and 6 to the years 2000 through 2005.  In response, Toyobo served its Second Amended Responses and Objections to Point Blank's First Requests for Admissions on November 5, 2010 (attached as Ex. C).

At Point Blank's insistence, the Court scheduled a second discovery hearing for December 13, 2010.  The Court stated that Point Blank may file a motion for sanctions on the issue of "Defendants' allegedly improper responses to requests for admission," but instructed Point Blank that any such motion:

> **shall** include **legal authority** on the issue of **whether a party may obtain any relief for a supposedly false, incorrect or misleading response to a request for admissions before the end of a trial or, at the earliest, a summary judgment hearing**.  To the extent that Plaintiffs are seeking to have the Court deem certain matters admitted due to Defendants' purportedly incorrect, false or misleading responses to one or more requests for admission, then Plaintiffs' memorandum shall explain how their factual dispute with Defendants over the accuracy of Defendants' responses to the requests for admission would enable the Court to deem matters admitted. Phrased differently, **Plaintiffs should explain how this requested relief would not be akin to a request for summary judgment on the accuracy and substantive content of the responses**.

December 13, 2010 Discovery Order ¶ 3-4 (D.E. 117) ("Order") (emphasis added).

Point Blank filed its Motion on December 30, 2010, but did not provide any legal authority or explanation for why the relief it seeks is not akin to a request for summary judgment on the accuracy and substantive content of Toyobo's responses to its requests for admissions, nor did it submit any legal authority explaining how, in a factual dispute, the Court could deem the matter admitted.  And Point Blank did not provide any authority to show that it can seek the relief it seeks now, as opposed to after trial.

## ARGUMENT

I.   **POINT BLANK'S MOTION MUST BE DENIED BECAUSE POINT BLANK FAILED TO COMPLY WITH THIS COURT'S ORDER**

In its Order, the Court directed Point Blank to include legal authority in its Motion showing that "a party may obtain *any* relief for a supposedly false, incorrect or misleading response to a request for admissions before the end of a trial or, at the earliest, a summary judgment hearing."  Order ¶ 4 (emphasis added).  Despite the plain language of the Order, Point Blank did not cite a single case to support its argument that it could seek any relief at this time. Although Point Blank argues in its Motion that "While the 1970 Advisory Committee Notes to Rule 37 may suggest that Rule 37 was designed to provide "postrial" relief, courts in this, and other, districts routinely award sanctions for improper responses before trial or summary judgment," Motion at 3-4, none of the cases it cites awarded pre-trial sanctions under Rule 37(c)(2).[2]  *See Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1300-1301 (S.D. Fla. 2007) (awarding sanctions for misconduct pursuant to 28 U.S.C. § 1927, Fed. R. Civ. P. 11(b)(1) and (3), and the court's inherent power to sanction litigants for abusive practices; no mention of Rule 37(c)(2)); *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245-48 (9th Cir. 1981) (vacating judgment by district court for reconsideration of an order deeming requests admitted when responding party failed to admit or deny a proper request for admission; court did not consider (and district court did not award) sanctions under Rule 37(c)(2)); *United States v. Taylor*, 166 F.R.D. 356, 363-7 (M.D.N.C. 1996) (no consideration of sanctions pursuant to Rule 37(c)(2)).[3]

---

[2] Point Blank seeks sanctions pursuant to Rule 37(c)(2).  Motion at 8.

[3] *Asea* and *Taylor* involved situations where the responding party neither admitted nor denied the serving party's request for admissions.  Here, Toyobo denied Point Blank's requests for admissions.

Indeed, Point Blank's Motion includes block quotes from two cases that show Point Blank cannot seek sanctions at this time.  First, Point Blank cites to *Popeil Bros., Inc. v. Schick Elec., Inc.*, 516 F.2d 772 (7th Cir. 1975), which holds that a party should seek Rule 37(c) expenses and fees prior to *judgment and appeal – not* prior to *trial or summary judgment*.  Then Point Blank quotes *Chem. Eng'g Corp. v. Essef Indus., Inc.*, 795 F.2d 1565, 1574 (Fed. Cir. 1986), which explicitly states that Rule 37 "is intended to provide post-trial relief."  Furthermore, Point Blank itself admits it is seeking only to "preserve its rights" and requests a determination of its Motion "at summary judgment or after trial."  Motion at 6.  Thus, Point Blank explicitly concedes that it is not entitled to seek relief at this time.  *Id.*  Thus, Point Blank's Motion should be denied because it did not comply with the Court's Order.

## II.     POINT BLANK'S MOTION SHOULD BE DENIED AS PREMATURE

Rule 37(c)(2) states that: "If a party fails to admit what is requested under Rule 36 and if the requesting party later *proves* a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof."  Fed. R. Civ. P. 37(c)(2) (emphasis added).  A motion under Rule 37(c)(2) will be denied if: the request was held objectionable under Rule 36(a); the admission sought was of no substantial importance; the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or there was other good reason for the failure to admit.  Fed. R. Civ. P. 37(c)(2)(A)-(D).

The Advisory Committee Notes accompanying Rule 37 and the subsequent case law make clear that a motion under Rule 37(c)(2) is properly made only *after* trial or summary judgment.  *See* Fed. R. Civ. P. 37 advisory committee's notes (1970) ("Rule 37(c) is intended to provide *posttrial relief . . .*") (emphasis added); *United States v. Menominee Tribal Enter.*, No. 07-C-316, 2010 WL 2465505, at *9 (E.D. Wis. June 15, 2010) ("Fees are justified under Rule 37

only when a matter is proved 'true' at trial."); *Morrison v. Greeson*, No. 1:06-cv-24-SEB-JPG, 2007 WL 2237624, at *17 (S.D. Ind. July 31, 2007) (a party "may not recover the expenses [sought] unless and until [the party] actually *proves*, at trial, that [the] responses were untruthful") (emphasis in original); *Modern, Inc. v. Florida Dept. of Transp.*, No. 603CV718ORL31DAB, 2005 WL 1676809, at *3 (M.D. Fla. July 18, 2005) ("As the issue [in the request for admission] appears to be contested, resolution of this matter (and any resulting sanctions under Rule 37(c)(2)) must await trial.").  Point Blank's Motion has been filed before discovery has even closed, and no findings of fact have been made; it should be denied.[4] *Morrison*, 2007 WL 2237624, at *17 (denying pre-trial motion for Rule 37(c) sanctions as premature); *Modern, Inc.*, 2005 WL 1676809, at *3 (denying two pre-trial motions for Rule 37(c) sanctions).[5]

### III.    POINT BLANK'S USE OF RULE 36 AS A DISCOVERY AND HARASSMENT TOOL IS IMPROPER

Through its Motion, Point Blank attempts to use Rule 36 as a discovery device and a harassment tool – both of which are impermissible in the Eleventh Circuit.  *See Perez v. Miami-*

---

[4] Even if Point Blank could seek sanctions under Rule 37(c)(2) at this time, Point Blank's attempt would fail because, *inter alia*, Toyobo has a good reason for denying the requests in question: namely, that the requests concern disputed issues of fact.  *See Perez v. Miami-Dade County*, 297 F.3d 1255, 1269 (11th Cir. 2002) (issues subject to dispute should be resolved at trial, not in a discovery motion).  In addition, it is not possible for the Court to determine whether Point Blank's requests for admission are of "substantial importance" to a fact finder's decision before trial or summary judgment.  *See Chem. Eng'g Corp.*, 795 F.2d at 1574 ("Indeed, no rule specifies the time during which a Rule 37(c) motion must be filed, and, as is explained in the advisory committee note to Rule 37(c), the rule is intended to provide post-trial relief. As a practical matter, it will often be necessary to complete a proceeding before it can be said that a requester has 'proved' the truth of the matter for which an admission had been requested."); Motion at 4 (Point Blank cites to same quote).

[5] In addition, there is no basis for Point Blank to seek sanctions under Rule 26.  Toyobo has complied with Rules 26 and 36; its responses to Point Blank's requests for admissions are complete and correct.

*Dade County*, 297 F.3d 1255, 1268-69 (11th Cir. 2002) ("When a party [ ] uses [Rule 36] to harass the other side . . . the rule's time-saving function ceases; the rule instead becomes a weapon, dragging out the litigation and wasting valuable resources . . . [Plaintiff's] continued service of the same request for admissions in the face of [defendant's] denials was an abuse of Rule 36."); *Modern, Inc.*, 2005 WL 1676809, at *2 ("In this circuit, it has long been held that Rule 36 is not a discovery device, and its proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove.") (internal quotation and citation omitted).   Toyobo has denied certain of Point Blank's requests for admissions and intends to dispute certain "facts" that Point Blank believes it will be able to prove at trial.   That Point Blank may be dissatisfied with Toyobo's denials does not impose any obligation on Toyobo to admit disputed issues of fact; it is Point Blank – the plaintiff in this case – that bears the burden of proving its "facts."   Rule 36 simply does not authorize Point Blank to seek a pre-trial determination as to Toyobo's denials.   *See* Fed. R. Civ. P. 37 advisory committee's notes (1970) ("Rule 36 does not provide for a pretrial hearing on whether [a specific denial or a sworn statement setting forth in detail the reasons why he cannot truthfully admit or deny] is warranted by the evidence thus far accumulated."); Oct. 19, 2010 Discovery Hearing Trans. at 34 (Judge O'Sullivan noted Toyobo's right to deny Point Blank's requests: "[Toyobo] can decide, 'We are going to deny everything.   You have to prove everything.   You are the plaintiff in this case. Prove it.") (attached as Ex. D).   Accordingly, Point Blank's Motion should also be denied as an improper attempt to use Rule 36 as a discovery and harassment tool.

## CONCLUSION

For all of the foregoing reasons, Toyobo respectfully requests that the Court deny Point Blank's Motion and grant Toyobo such further relief as the Court deems necessary.[6]

Dated:  January 18, 2011

       /s/ Edward Soto
Edward Soto (FBN 0265144)
edward.soto@weil.com
P. Christine Deruelle (FBN 0540811)
christine.deruelle@weil.com
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131

Konrad L. Cailteux (admitted *pro hac vice*)
konrad.cailteux@weil.com
Brian Keith Gibson (admitted *pro hac vice*)
keith.gibson@weil.com
Jed P. Winer (admitted *pro hac vice*)
jed.winer@weil.com
Jeremy T. Grabill (admitted *pro hac vice*)
jeremy.grabill@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153

Michael J. Lyle (admitted *pro hac vice*)
michael.lyle@weil.com
Eric C. Lyttle (admitted *pro hac vice*)
eric.lyttle@weil.com
Stephen A. Gibbons (admitted *pro hac vice*)
stephen.gibbons@weil.com
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W. – Suite 900
Washington, D.C. 20005

**Attorneys for Toyobo Co., Ltd. and
Toyobo America, Inc.**

---

[6] *Wakefield v. Sears, Roebuck & Co*., No. 05-61152-CIV, 2008 WL 686914, at *2 (S.D. Fla. Mar. 11, 2008) (awarding costs for the filing a frivolous motion which "wasted considerable judicial time and caused the defendant to unnecessarily incur substantial legal fees and costs").

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that a copy of the foregoing was filed electronically with the

Clerk of the Court using CM/ECF on January 18, 2011.  As such, the foregoing was served

electronically upon the following:

Charles H. Lichtman
BERGER SINGERMAN
350 East Las Olas Blvd., Suite 1000
Ft. Lauderdale, Florida 33301
Phone No: (954) 525-9900
**Attorneys for Plaintiffs**

W. Pitts Carr
David M. Cohen
CARR & PALMER, LLP
10 North Parkway Square
4200 Northside Parkway NW
Atlanta, GA 30327
Phone No: (404) 442-9000
**Attorneys for Plaintiffs**

James J. Parks
JAFFE RAITT HEUER & WEISS
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Phone:  (248) 351-3000
**Attorneys for Plaintiffs**

          /s/ P. Christine Deruelle
P. Christine Deruelle (FBN 0540811)