UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61166-CIV-SEITZ/GOODMAN

POINT BLANK SOLUTIONS, INC.,
a Delaware corporation, and POINT
BLANK BODY ARMOR, INC., a
Delaware corporation,

       Plaintiffs,

vs.

TOYOBO AMERICA, INC., a New
York corporation and TOYOBO CO.,
LTD., a Japanese corporation,

       Defendants.

_____/

## ORDER ON MOTIONS FOR SANCTIONS

Before the court are two motions for sanctions by Plaintiffs Point Blank Solutions, Inc. and Point Blank Body Armor, Inc ("Point Blank"). (DE# 129 & 130). Both motions arise out of requests for admissions which Point Blank sent to Defendants Toyobo America, Inc. and Toyobo Co., Ltd ("Toyobo"). I have reviewed the motions and associated briefing, the pertinent portions of the record, and the applicable law. Pursuant to Federal Rule of Civil Procedure 78(b), I am deciding these motions without oral argument — and I am **denying** both motions.

I.      OVERVIEW OF LITIGATION

In this hotly contested diversity action, Point Blank brings various common law and statutory claims against Toyobo for fraud, misrepresentation, and breach of warranty. Although it is not necessary to discuss the factual background of Point Blank's claims to decide these sanctions motions, the basic allegations can fairly be summarized as follows:

Point Blank is suing Toboyo for allegedly misrepresenting the quality of a synthetic fiber called Zylon, which Toyobo exported from Japan to the United States where it was used by body armor manufacturers (such as Point Blank) in creating bullet-resistant vests.

In 2005, the National Institute of Justice decertified Zylon for use in body armor. Point Blank allegedly lost more than $16 million as a result of Zylon's decertification. Point Blank claims that Toyobo knew of Zylon's material defects but improperly withheld this critical information and fraudulently misrepresented Zylon's quality and durability.[1]

## II.    BACKGROUND OF SANCTIONS MOTIONS

Point Blank's first motion for sanctions (DE# 129) concerns Toyobo's responses to several requests for admission which Point Blank claims are either blatantly false or that Toyobo has since learned were incorrect but nevertheless refused to supplement or amend its responses.   For example, Toyobo denied a request to admit that it had knowledge that Point Blank planned to use Zylon for ballistic applications in bullet resistant vests despite internal Toyobo documents and deposition testimony which, Point Blank claims, establish Toyobo's knowledge.   This motion seeks monetary sanctions. According to Point Blank, this motion is filed pursuant to Rules 26 and 37 and the Court's inherent power to oversee discovery.

Point Blank's second sanctions motion (DE# 130) also relates to requests for admission and asks the Court to deem admitted a dozen requests for admission relating to the authenticity of documents.   Toyobo refused requests to admit the authenticity of the

---

[1]     Point Blank's allegations are more fully detailed in the District Court's order denying Toyobo's motion to dismiss. *See Point Blank Solutions, Inc. v. Toyobo America, Inc.*, No. 09-61166, 2010 WL 4624274 (S.D. Fla. Nov. 04, 2010).

documents in question because it did not create them, even though at least some of the documents were produced by Toyobo itself during discovery.

Toyobo contends that both of these motions are premature because Rule 37(c), the sole avenue under the Federal Rules of Civil Procedure for assessing the substantive accuracy of a denial to a request for admissions, provides only for *post*-judgment relief. Nonetheless, Point Blank argues that the Court may deem matters admitted because of Toyobo's bad faith in failing to substantively admit the authenticity of documents. Point Blank concedes that (or at least does not object to) postponing the issue of monetary sanctions until summary judgment or trial would be acceptable.

During an informal discovery conference in December 2010, I expressed skepticism over Point Blank's argument that it was proper to raise these issues before trial. I nevertheless permitted Point Blank to file these motions, but with the caveat that Point Blank include a supporting memorandum containing legal authority to support the proposition that a party may obtain relief for a *substantively* false, incorrect or misleading response to a request for admission before trial or summary judgment. Although there is *some* authority which provides *marginal* support for Point Blank's position, the great weight of authority, as well as common sense, dictates that it is improper to deem matters admitted at this stage in the litigation as a sanction for substantively false responses to requests for admission. Instead, the prevailing view is that the remedy for improperly failing to admit a matter later proved during a dispositive proceeding is a post-judgment motion for sanctions under Rule 37(c).

### III.   APPLICABLE RULES OF CIVIL PROCEDURE

Federal Rule of Civil Procedure 36 generally governs requests for admission.  The

portion of the rule governing answers to requests for admission provides that:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party **may assert lack of knowledge or information** as a reason for failing to admit or deny **only if** the party states that it has made **reasonable inquiry** and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4) (emphasis added).

The Federal Rules provide two avenues for challenging a party's answer to a

request for admission: Rule 36(a)(6), which addresses the *form* of the answer, and Rule

37(c)(2), which addresses the answer's factual *accuracy*:

> ***Motion Regarding the Sufficiency of an Answer or Objection.***   The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

Fed. R. Civ. P. 36(a)(6).

> ***Failure to Admit.***  If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:
>
>> (A) the request was held objectionable under Rule 36(a);
>>
>> (B) the admission sought was of no substantial importance;

4

(C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or

(D) there was other good reason for the failure to admit.

Fed. R. Civ. P. 37(c)(2).

## IV.    DISCUSSION

Although Point Blank's motions seek different relief, granting either motion would necessarily require me to weigh the substantive accuracy of Toyobo's denials before the District Court has held a trial or granted either party summary judgment.  The plain language of Rule 37 permits a Court to award monetary sanctions only after the requesting party has **proved** the matter at issue.  Fed. R. Civ. P. 37(c) (permitting sanctions "if the requesting party *later proves a document to genuine or the matter true*") (emphasis added).  Rule 36(a)(6), by contrast, clearly speaks to the *form* of the answer or objection, not to its *substance*, and therefore does not authorize a Court to inquire into the substantive accuracy of the denial.[2]

---

[2]         As an initial matter, I must also reject Point Blank's argument that the Court should sanction Toyobo under Rule 26(g), which provides for sanctions when attorneys abuse the discovery process.  Rule 26 has no application to requests for admission.  As a matter of simple statutory interpretation, it would have been unnecessary to include additional sanctions under Rule 37(c) if Rule 26(g)'s sanctions were *already* applicable to requests for admission.  It is also a basic canon of statutory interpretation that a specific provision (i.e., one that specifically addresses requests for admission) will take precedence over a general provision (i.e., one that applies to discovery generally).  Moreover, the law in this circuit is that Rule 36 (which sets forth the procedure for requests for admission) is not a discovery device, and is intended merely to weed out issues "which the requesting party will doubtless be able to prove." *Pickens v. Equitable Life Assur. Soc. of U.S.*, 413 F.2d 1390, 1393-94 (5th Cir. 1969). *See also Modern Inc. v. Florida Dep't of Trans.*, No. 03CV718OR31DAB, 2005 WL 1676809, at *2 (M.D. Fla. July 18, 2005); 8B WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2253 (2010) ("Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows all the facts or has the document and merely wishes its opponent to concede their genuineness."); *id.* § 2265

The advisory notes confirm this reading of Rules 36 and 37. Once the requesting party receives an answer "**in proper from**, Rule 36 does not provide for a pretrial hearing on whether the response is warranted by the evidence thus far accumulated." 1970 Advisory Committee's Note, Fed. R. Civ. P 37 (emphasis added). "Instead, Rule 37(c) is intended to provide posttrial relief in the form of a requirement that the party improperly refusing the admission pay the expenses of the other side in making the necessary proof at trial." *Id.*

In *Foretich v. Chung*, 151 F.R.D. 3, 4 (D.D.C. 1993), the defendants cited Rule 36(a) for the "proposition that a Court is authorized, at this stage of the proceedings [before trial or judgment is entered], to make a factual determination of the accuracy of a party's denial." The district court rejected this argument, however, because "[t]he plain text of the Rule does not authorize such an order and the defendants have cited *no precedents* in which, on a Rule 36 motion, a court-ordered [sic] a matter admitted because a party's unequivocal denial of a request for an admission was unsupported by the evidence." *Id.*

*Foretich* explained:

> A party served with a request for admission has a number of options available to it. He or she can admit the matter at issue, deny the assertion, object to the request, move for a protective order, do nothing, or set out the reasons why he or she can not respond. Rule 36 plainly states that where a party *fails to respond* to a request for an admission, that requested matter is considered admitted.
>
> * * * *
>
> However, there is simply no provision of the Federal Rules allowing a party to litigate a denied request for an admission at this stage

---

("The pattern of sanctions for Rule 36 is somewhat different from that for the other discovery rules.").

of the proceedings.   Under the defendants' theory the Court could be called upon to decide each and every factual issue presented by a request for an admission, adding yet another arrow in the quiver of those who seek to delay litigation.

*Id.* 5 (emphasis added).[3]

Wright & Miller also note that under Rule 36 a "court may treat an inadequate denial as an admission" but define an inadequate denial is one that dose not "fairly meet the substance of the requested admission."   8B WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE (2010) § 2260.   Rule 37(c)(2), on the other hand, "provides a sanction for a *failure to make an admission requested under Rule 36*" but "has no application to any other discovery rule."   *Id.* § 2290 (emphasis added).

One the other hand, the authorities cited by Point Blank are not generally persuasive of their position and do not stand for the proposition that a court may deem matters admitted before trial or summary judgment due to factually false denials.   For example, *Doe v. Mercy Health Corp.*, No. 92-6712, 1993 WL 377064 (E.D. Pa. Sept. 15, 1993), concerned *objections — not denials —* to requests for admission, and noted that Rule 36(a) requires a factual inquiry into the request "*only* when a party pleads an inability to admit or deny a [request for admission], *and not for a denial or qualified admission*."   *Id.* at *12 (second emphasis added).

---

[3]   Numerous district courts have adopted *Foretich's* holding.   *Moore v. Daniel Enters.*, No. 04-4081, 2006 U.S. Dist. LEXIS 25235, at *3 (W.D. Ark. Mar. 22, 2006) ("the truthfulness of a qualified denial must await trial, and if the requesting party is forced to prove what was not admitted sanctions are available"); *United States v. Operation Rescue Nat'l*, 111 F. Supp. 2d 948, 968 (S.D. Ohio 1999) (holding that "a party may not seek a pre-trial determination of the accuracy of an opponent's denial of a request for admission, merely because the evidence does not support that denial"); *Lakehead Pipe Line Co. v. American Home Assurance*, 177 F.R.D. 454, 458 (D. Minn. 1997) (explaining that "Rule 36(a) does not authorize a Court to [make prospective] determinations concerning the accuracy of a denial to a Request for Admission, or to order that the subject matter of the request be admitted because the opposing party's unequivocal denial is asserted to be unsupported by the evidence").

*Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242 (9th Cir. 1981), meanwhile, permitted the district court to deem a request admitted, but acknowledged that its holding was contrary to both the plain reading of Rule 36 and the advisory committee notes.  As I read it, *Asea* also narrowly cabined its holding to cases where *callous disregard for the discovery process* rendered the sanction provided by Rule 37(c) inadequate.  *Id.* at 1246-47.

The better view, however, was espoused by the Third Circuit in *United Coal Cos. v. Powell Construction Co.*, 839 F.2d 958 (3d Cir. 1988).  *United Coal* reversed a district court's decision to deem matters admitted.  The Third Circuit explained that because the responding party denied "each of the six contested requests for admission . . . the provision in Rule 36(a) requiring a statement of reasons why the party cannot truthfully admit or deny has no application."  *Id.* at 967.  The Court further explained that when "issues in dispute are requested to be admitted, a denial is a perfectly reasonable response.  Furthermore, the use of only the word 'denied' is often sufficient under the rule."  *Id.*

The Third Circuit's view is in keeping with the ordinary course of federal civil practice in the United States.  In order for a party to establish bad faith under *Asea,* it must necessarily prove the truth of the underlying request which the party asserts was improperly denied.  Point Blank has identified 12 requests for admission for authentication of documents, which, it contends, Toyobo "falsely" denied.  In order to evaluate the veracity of Point Blank's claim, I would necessarily have to review each of those documents and make an independent determination as to their authenticity.  Thus, before the Court could grant Point Blank the relief it seeks, it would in essence need to

conduct a mini-trial and *resolve disputed factual issues* that are ordinarily resolved before the fact-finder during dispositive proceedings. In effect, I would need to render a summary judgment on the authenticity of the documents.

There is no advantage to trying this case through discovery motions. Assuming, *arguendo*, that Point Blank can show that Toyobo improperly refused to admit matters, then those matters can be established at trial or at summary judgment and Point Blank can then obtain sanctions under Rule 37(c). *Cf. Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1269 (11th Cir. 2002) (stating that disputed issues "should be resolved at trial, not in a discovery motion").

There are, of course, significant, obvious, and practical disadvantages to disposing of this case piecemeal through discovery practice, not the least of which is that I would necessarily have to conduct an inefficient fact-finding exercise and resolve factual disputes ahead of trial. This procedural alternative would be extremely counterproductive and inefficient and is understandably contrary to the clear weight of authority. It would also be contrary to the Federal Rules of Civil Procedure, which provide distinct avenues for redress for defects in answers to requests for admission having to do with form and answers which are defective because the answering party fails to admit a matter that it should have. The Federal Rules also clearly differentiate between pre-trial or discovery motions and fact-finding proceedings.

Aside from relief under the Federal Rules, Plaintiffs also assert that sanctions should be imposed pursuant to the Court's inherent discovery power. But a court's inherent power to impose sanctions is triggered only when a party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S.

32, 45-46 (1991). In this spirited litigation, both sides have strongly pressed their positions at every junction and neither side has shown great willingness to make concessions, even on what are usually considered professional courtesies, such as accommodating colleagues' deadline and scheduling issues. As a general matter, allegations of bad faith against opposing counsel, in addition to being in poor taste, are not helpful in aiding the Court's adjudication of disputed issues. *See* ANTONIN SCALIA & BRYAN A. GARNER, MAKING YOUR CASE, THE ART OF PERSUADING JUDGES 34-35 (2008) ("Cultivate a tone of civility, showing that you are not blinded by passion. Don't accuse opposing counsel of chicanery or bad faith, even if there is some evidence of it. . . . 'An attack on opposing counsel undercuts the persuasive force of any legal argument. The practice is uncalled for, unpleasant, and ineffective.'") (quoting Morey L. Sear, *Briefing in the United States District Court for the Eastern District of Louisiana*, 70 TUL. L. REV. 207, 224 (1995)).

On the current record, the Court cannot conclude that Toyobo's conduct with respect to these requests for admission was in bad faith or taken for vexatious, wanton, or oppressive reasons. Absent extraordinary circumstances which are not present here, Rules 36 and 37 permit defendants to "put the plaintiff to his proof" and provide plaintiffs with a *post*-trial avenue of relief when defendants' failure to admit was unwarranted. The Court, therefore, cannot sanction Toyobo under its inherent powers. *Chambers*, 501 U.S. at 46; *see also Taylor v. Teledyne Techs., Inc.*, 338 F. Supp. 2d 1323, 1368 (N.D. Ga. 2004) (noting that although standard for imposition of sanctions under court's inherent powers "sounds very broad, in fact, one finds few cases in which a sanction on this ground has actually been upheld").

The Court's power to deem a matter admitted under Rule 36(a)(6) is discretionary and, in any event, I would refuse to exercise my discretion to deem the contested requests admitted.  I see no reason why this case should be tried via discovery practice instead of before a judge and jury as the Federal Rules contemplate.  Rule 37(c) provides Point Blank with an ample post-judgment avenue for relief and, because Point Blank will have to prove the truth of the disputed matters in any event, it will not prejudice Point Blank to postpone a determination of the propriety of Toyobo's responses until after judgment is entered.

Accordingly, I will not deem admitted those requests for admission to authenticate documents which Toyobo has denied on the grounds that it did not create the documents.

I will also deny Point Blank's motion for sanctions for improper responses without prejudice.  Point Blank seeks no immediate relief in this motion.  By its own terms, the motion merely seeks to preserve Point Blank's rights under Rules 26 and 37 until after trial or summary judgment.  As the foregoing discussion demonstrates, the Federal Rules of Civil Procedure do not give Point Blank this option.  The express terms of Rule 37(c) contemplate *post*-judgment motions.[4]

---

[4]     I also note that if Point Blank does prevail at trial or summary judgment, then the current briefing on this motion would be woefully inadequate to permit disposition because it would not describe the dispositive findings by the judge or jury which are a predicate for relief under Rule 37(c).  In other words, to determine whether Point Blank is entitled to sanctions under Rule 37(c), Point Blank would have to supplement the briefing to reflect that they *later proved the documents to be genuine or the matter true*.  The current briefing also contains no discussion as to whether any of the exceptions enumerated in Rule 37(c)(2) apply.

## V.    CONCLUSION

Point Blank has accused Toyobo of significant misconduct concerning its answers to requests for admission.    It has described Toyobo's responses as, *inter alia*, "insufficient and false," "improper and blatantly false," "a violation of Toyobo's duty of candor to the Court," "not only improper but sanctionable," and a "false representation to this Court" (DE# 130, at 1-4 & n.4; DE# 151, at 1).

If these strident accusations are even remotely correct, then Toyobo has engaged in substantial and extreme misconduct and Point Blank should be able to obtain significant relief.    But Point Blank's interest in pursuing these motions *now* (and especially with such fervor) may well run afoul of the well-known strategy of "never interrupt your enemy when he is making a mistake." [5]  This maxim of battlefield tactics, attributed to French general and emperor Napoleon Bonaparte (1769 – 1821), would counsel Point Blank to hold its fire (so to speak) and wait for Toyobo to engage in even further discovery mischief (assuming that Point Blank's allegations concerning the responses to the requests for admission are demonstrably correct).    But regardless of whether Point Blank's two motions follow or disregard the teachings of Napoleon or other famous military leaders, the point here is that its motions are premature.

Because Toyobo denied the contested requests for admission, it provided a *procedurally sufficient* answer under Rule 36(a).    Accordingly, it is hereby ORDERED that:

1.     Point Blank's motion for sanctions for Toyobo's allegedly improper responses to requests for admission (DE# 129) is **denied without prejudice**.

---

[5]     Quote Details: Napoleon Bonaparte: Never interrupt your enemy, http://www.quotationspage.com/quote/26960.html (last visited Feb. 24, 2011).

12

2.      Point Blank's motion for sanctions for Toyobo's refusal to authenticate documents (DE# 130) is **denied** with respect to Point Blank's request to deem matters admitted and **denied without prejudice** in all other respects.

DONE and ORDERED in Chambers, at Miami, Florida, February 24th, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Hon. Patricia A. Seitz
Counsel of Record