UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-61166-CIV-SEITZ/GOODMAN

POINT BLANK SOLUTIONS, INC. and
POINT BLANK BODY ARMOR, INC.,

        Plaintiffs,
v.

TOYOBO AMERICA, INC., and
TOYOBO CO., LTD.,

        Defendants.
_____/

## ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION

THIS MATTER is before the Court on Plaintiffs' Motion for Partial Reconsideration of Court's May 13, 2011 Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment [DE-263]. This case arises from the manufacture and sale of allegedly defective fiber, known as Zylon, used to make ballistic fabric. Defendants manufactured, marketed, and sold the fiber from which the ballistic fabric was woven. Plaintiffs purchased the ballistic fabric made from the fiber for use in body armor that Plaintiffs manufactured. Plaintiffs' five count Amended Complaint alleged claims for: (1) breach of express warranty; (2) breach of implied warranty of merchantability; (3) false, misleading, and deceptive advertising and sales in violation of Florida Statute, § 817.41; (4) fraudulent inducement; and (5) deceptive and unfair trade practices in violation of Florida Statute, § 501.204 (FDUTPA). By prior order the Court granted in part Defendants' Motion for Summary Judgment and dismissed Plaintiffs' warranty claims for lack of privity and Plaintiffs' FDUTPA claim because it is time barred. Plaintiffs seek reconsideration of the dismissal of these claims. Because there is no privity between the

parties, Plaintiffs' Motion is denied as to the warranty claims. However, Plaintiffs Motion is granted as to the FDUTPA claim as to all purchases of Zylon made after July 31, 2004.

**I. Standard for a Motion for Reconsideration**

There are three grounds for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.* 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). Plaintiffs assert that the Court committed clear error. In order to demonstrate clear error, a plaintiff must do more than simply restate previous arguments. *Bautista v. Cruise Ships Catering & Service Intern'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2003).

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court ... already thought through-rightly or wrongly.... The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (citations omitted and brackets omitted). Thus, a "motion for reconsideration cannot be used to re-litigate old matters, raise argument or present evidence that could have been raised prior to the entry of the [challenged order]. This prohibition includes new arguments that were previously available, but not pressed." *Wilchombe v. Teevee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotations and citations omitted).

**II. The Court Did Not Commit Clear Error in Holding that There is No Privity Between the Parties**

Plaintiffs argue that the Court erred in finding that Plaintiffs' warranty claims were barred because of a lack of privity between the parties. Plaintiffs assert that privity between the parties

2

was created by the direct contacts between Plaintiffs and Defendants. Plaintiffs point to statements made by Defendants to Plaintiffs about both Zylon fabric and Zylon fiber and urge the Court to find privity based on these statements. However, Plaintiffs misconstrue the Court's prior Order holding that there is no privity based on the parties' direct contacts. The Order primarily relied on the difference in the product Defendants sold to the weavers and the product purchased by Plaintiffs, not on the content of the statements made by Defendants. As the Court noted in the Order holding that there was no privity based on direct contacts: "there is a significant factual difference from the cases where courts have found privity through direct contacts. In *Cedars of Lebanon* and *Carnival* the item purchased passed unchanged from the manufacturer to the middleman-seller to the final purchaser." *See* DE-262 at 9. That is not the case here. As previously noted by the Court Defendants manufactured, marketed, and sold Zylon fiber. Plaintiffs purchase Zylon fabric. Therefore, the Zylon did not pass unaltered from Defendants to Plaintiffs.

Plaintiffs cite to *Grovenor House, L.L.C. v. E.I. Du Pont de Nemours & Co.*, 09-21698, 2010 U.S. Dist. LEXIS 87635 (S.D. Fla. Aug. 25, 2010), for the proposition that whether the product passes altered or unaltered is irrelevant to the determination of privity through direct contacts. However, *Grovenor* is not binding on this Court. Furthermore, the *Grovenor* case cites to no case law that directly supports that proposition. Additionally, Plaintiffs had the opportunity to present their arguments based on *Grovenor* in their response to the motion for summary judgment and did not. Plaintiffs do not get a second chance to reargue the same issue again based on newly discovered case law that existed at the time Plaintiffs filed their opposition to Defendants' summary judgment motion. Most importantly, *Grovenor* does not establish that the

Court's holding that no privity exists between the parties is clearly erroneous. Therefore, Plaintiffs' Motion for Partial Reconsideration is denied as to the warranty claims.

## II.     Plaintiffs' FDUTPA Claim is Not Time Barred as to Purchases After July 31, 2004

Plaintiffs argue that the Court erred in finding that their FDUTPA claim was time barred because Plaintiffs continued to purchase Zylon until, at least, March 24, 2005. Neither side disputes this fact and in its Order on Defendants' Motion for Summary Judgment the Court recognized that Plaintiffs' had presented evidence of such purchases. As the Court previously stated, "Plaintiffs' FDUTPA claim accrued when they purchased the Zylon." *See* DE-262 at 11. Therefore, any FDUTPA claim based on purchases of Zylon made after July 31, 2004 are not time barred. While Defendants argue that Plaintiffs' last purchase order was placed prior to July 31, 2004, the relevant fact for time of accrual is date of sale, not date of the purchase order. Consequently, Plaintiffs' Motion is granted as to this claim.

Accordingly, it is

ORDERED that Plaintiffs' Motion for Partial Reconsideration of Court's May 13, 2011 Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment [DE-263] is GRANTED in part and DENIED in part:

1. Th Motion is DENIED as to the warranty claims.

2. The Motion is GRANTED as to Plaintiffs' FDUTPA claim based on purchases of Zylon fabric made after July 31, 2004.

DONE AND ORDERED in Miami, Florida, this 7 day of June, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:     All counsel of record